EXHIBIT "A"

## SETTLEMENT AGREEMENT AND
## FULL AND FINAL MUTUAL RELEASE OF ALL CLAIMS

1. This Agreement covers all understandings between Brian Irish (hereinafter referred to as "Plaintiff" a term which includes Brian Irish's successors, beneficiaries, personal representatives, and heirs), and SER Security Services, Inc. and Pserda Dickenson, individually, (hereinafter referred to as "Defendants" a term which includes each and every officer, director, employee, agent, parent corporation or subsidiary, affiliate or division, its successors, assigns, beneficiaries, servants, legal representatives, insurers and heirs).

2. For and in consideration of the promises outlined in Paragraph 3 of this Agreement, Plaintiff agrees as follows:

   A. To settle any and all claims and actions of any nature whatsoever between Plaintiff and Defendants and release and forever discharge Defendants of and from all and any manner of actions, causes of actions, suits, rights to attorney fees, debts, claims and demands whatsoever in law or equity by reason of any matter, cause or thing whatsoever, and particularly, but without limitation of the foregoing general terms, by reason of any claims or actions arising from Plaintiff's employment or separation from employment with Defendants related to the transactions or matters which are the subject matter of the lawsuit CASE NO.: 1:16-cv-03891-LMM, pending in the United States District Court for the Northern District of Atlanta District of Georgia.

   B. To voluntarily dismiss CASE NO.: 1:16-cv-03891-LMM, pending in the United States District Court for the Northern District of Atlanta District of Georgia, with prejudice.

   C. To agree and acknowledge that this settlement is the compromise of a disputed claim and does not constitute an admission by Defendants of any violation of any federal, state, or local statute or regulation, or any violation of any of Plaintiff's rights or of any duty owed by Defendants to Plaintiff.

   D. That the below-referenced amount paid by Defendant represents a sum to which Plaintiff would not be entitled absent this Agreement.

3. For and in consideration for the promises made by Plaintiff in Paragraph 2 of this Agreement, Defendants agree to pay Plaintiff the total consideration of $4,500.00 as follows:

   **On or before January 31, 2017**

   (1) a check made payable to Brian Irish in the amount of $83.34; minus applicable taxes and withholdings representing Actual Damages;
   (2) a check made payable to Brian Irish in the amount of $83.34; payable with a tax form 1099 representing Liquidated Damages; and
   (3) a check made payable to the Morgan & Morgan, P.A. for $1,333.34

   **On or before February 10, 2017**

   (1) a check made payable to Brian Irish in the amount of $83.34; minus applicable taxes and withholdings representing Actual Damages;
   (2) a check made payable to Brian Irish in the amount of $83.34; payable with a tax form 1099 representing Liquidated Damages; and
   (3) a check made payable to the Morgan & Morgan, P.A. for $1,333.34

1

**On or before February 24, 2017**

    (1) a check made payable to Brian Irish in the amount of $83.34; minus applicable taxes and withholdings representing Actual Damages;

    (2) a check made payable to Brian Irish in the amount of $83.34; payable with a tax form 1099 representing Liquidated Damages; and

    (3) a check made payable to the Morgan & Morgan, P.A. for $1,333.34

**Should Defendants default on any of the above payments (after a 5 day written notice from Plaintiff) or should any of the checks be deemed "NSF" Plaintiff shall be entitled to a judgment plus reasonable attorneys' fees and costs incurred in securing same.**

4.    In exchange for the consideration above, Defendants release Plaintiff from any and all claims, charges, actions and causes of action, and counterclaims of any kind or nature that Defendants once had or now have, whether arising out of Plaintiff's employment, or otherwise, and whether such claims are now known or unknown to Defendants from the beginning of the world to the date of these presents.

5.    Defendants agree not to disclose the existence or contents of this Agreement to any prospective employer of Plaintiff. If Defendants are contacted by any prospective or current employer of Plaintiff, they may confirm dates of employment only, and job position, but shall not make disparaging remarks against Plaintiff.

6.    In the event that Plaintiff or Defendants commence an action for damages, injunctive relief, or to enforce the provisions of the Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorney's fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

7.    Plaintiff and Defendants agree that this Settlement Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the agreement, the parties agree that the Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

8.    This Agreement supersedes all prior agreements and understandings between Plaintiff and Defendants. No cancellation, modification, amendment, deletion, addition, or other changes in this Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Plaintiff and an authorized representative of Defendants.

9.    Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the parties.

10.    The law governing this Agreement shall be that of the United States and the State of Georgia.

DATE: _3-07-17_        Signature: _Brian Irish_

                                                  Brian Irish

DATE: 01/26/17

Signature: _____,
for Defendant SER Security Services, Inc.

DATE: 01/26/17

Signature: _____,
for Defendant Pserda Dickenson

3